# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CLINT PHILLIPS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-316-RWS |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Clint Phillips, III for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). The Court finds that plaintiff is financially unable to pay any portion of the filing fee, and therefore, he will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). In addition, and for the reasons stated below, the Court will dismiss this action for lack of subject matter jurisdiction.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a

defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff brings this civil rights action against the United States for the violation of his Fourth and Fourteenth Amendment rights. Plaintiff alleges that on August 14, 2012, he was transported "against [his] will to [the] VA, where VA police and employees assisted in their false arrest and imprisonment." Plaintiff states that he was accused of having an episode of schizophrenia. In addition, plaintiff summarily claims that "[t]he 6th district police one by the name of Washington took oath to a false affidavit and used civil commitment as alternative means to arresting [plaintiff] without probable cause." For relief, plaintiff asks this

Court to "stop the VA or sanction it for falsely imprisoning young veterans against their will without any evidence that they are a harm to themselves or others."

## Discussion

The Court will liberally construe this action as having been brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff names the United States as the sole defendant; however, the doctrine of sovereign immunity prevents Courts from exercising subject matter jurisdiction over the United States.[1] Thus, this action will be dismissed for lack of subject matter jurisdiction.

Moreover, to the extent that plaintiff is attempting to bring this action against various unknown employees of the United States Department of Veterans Affairs, the complaint is legally frivolous. In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown only if the complaint makes allegations sufficiently specific to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Plaintiff's allegations relative to the unknown VA

---

[1]Plaintiff does not allege, nor does it appear, that the United States has consented to be held liable for constitutional violations such as those presented in this action.

employees are not sufficiently specific. Furthermore, and to the extent that plaintiff is attempting to sue VA employees in their official capacities, *see Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, Court must interpret the pleading as including official-capacity claims), the Court notes that such suits are, in essence, actions against the United States of America. Because the doctrine of sovereign immunity prevents Courts from exercising subject matter jurisdiction over the United States, suits against officers in their official capacities are typically barred, as well.

Last, to the extent that plaintiff is attempting to sue Officer Washington of the "6th district police," the summary allegations are legally frivolous and fail to state a claim or cause of action. Moreover, naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint

does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the Court lacks jurisdiction over this action. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 21st day of February, 2014.

_____
**UNITED STATES DISTRICT JUDGE**